United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GUICHARD,<br><br>            Plaintiff,<br><br>      v.<br><br>UNIVERSAL CITY STUDIOS, LLLP, DOES 1-1,000,<br><br>            Defendants.<br>_____/ | No. C 06-06392 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 6, 2007 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively DENIES** Plaintiff's motion for preliminary injunction.

The parties shall each have 20 minutes to address the following questions:

1. Plaintiff argues that it is the combination of words, Whisper of the Blue, and not a single word alone that should be examined in determining whether a mark is strong. (*See* Reply at 9.) However, Plaintiff argues that Defendants should be prohibited from using only one of the words of what Plaintiff maintains is his mark. How does the use of a single word in the title of an artistic work threaten Plaintiff's use of a composite mark in providing information in the field of entertainment?

2. In his reply, Plaintiff contends that he does not assert trademark rights in the title of his screenplay, but rather that he only possesses a protectable intellectual property right in the name and use of whisperoftheblue.com by virtue of his registration of the service mark in "providing information, via the internet, in the field of entertainment, namely, the development, production and distribution of motion picture films." (Declaration of Robert Guichard, Ex. 3.) However, by this motion, Plaintiff requests that the Court enjoin Defendant's use of the name "Whisper" in the title of their motion picture, not simply to refrain from using an associated domain name to provide information via the internet.

    a. On what basis, if any, does Plaintiff contend that Defendant's use of the title "Whisper," and not simply their use on the internet, infringes Plaintiff's service mark?

    b. Why should the Court not adopt the analysis set forth in *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 902 (9th Cir. 2002), adopting the *Rogers* literary titles standard and falling outside of the Lanham Act purview where Plaintiff seeks to enjoin use of a literary title?

3. When "a plaintiff who claims to have suffered injury from a direct competitor's 'unfair' act or practice invokes section 17200, the word 'unfair' in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal. 4th 163, 187 (1999). The Court notes that the TRB Rules grant priority of rights similar to trademark rights, which, as a matter of law, do not harm competition in the market associated with the mark. *See Clorox Co. v. Sterling Winthrop, Inc*., 117 F.3d 50, 56 (2nd Cir. 1997) (holding that a trademark is, by its nature, non-exclusionary, and "does not confer a legal monopoly on any good or idea; it confers rights to a name only."); *see also California Packing Corp. v. Sun-Maid Raisin Growers of California*, 165 F. Supp. 245, 250-51 (S.D. Cal. 1958) (holding that private agreement limiting the use of a certain mark does not prevent competitor from engaging in competitive production and sales in the market, but only restricts the use of the name, and therefore does not raise antitrust concerns).

    On what basis does Plaintiff allege a claim against defendant for unfair business practices in violation of California and Professions Code section 17200?

4. Do the parties have anything further they wish to address?

    **IT IS SO ORDERED.**

Dated: April 2, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE