IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT GUICHARD,

    Plaintiff,

  v.

UNIVERSAL CITY STUDIOS, LLLP, DOES 1-1,000,

    Defendants.
_____/

No. C 06-06392 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JULY 27, 2007 AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The Court **tentatively GRANTS** Defendant's motion for summary judgment.

The parties shall each have 20 minutes to address the following questions:

1. "As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal. The rationale for this general rule is that it avoids the confusion and waste of time that might flow from putting the same issues before two courts at the same time. This general rule is thus a rule of judicial economy." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) (citations omitted). "One general rule in all cases (subject, however, to some qualifications) is that an appeal suspends the power of the court below to proceed further in the cause. ... [The court below] may not finally adjudicate substantial rights directly involved in the appeal." *Newton v. Consolidated Gas Co. of New York*, 258 U.S. 165, 177 (1922).

   Should this Court finally adjudicate the substantial rights involved in resolving Defendant's motion for summary judgment when those same legal rights are the subject of Plaintiff's appeal from this Court's denial of his motion for preliminary injunction?

2. Although the legal framework is changed, why should the Court alter its legal analysis and conclusions in its order denying Plaintiff's motion for preliminary injunction?

3. What specific discovery is required under Federal Rule of Civil Procedure 56(f) which supports Plaintiff's request for denial or a continuance? What is Defendant's response to Plaintiff's motion for denial or continuance of the motion for summary judgment?

4. Although the notice of motion twice mentions that Defendant moves against Plaintiff's claim under California Business and Professions § 17200, on what basis in the motion itself does Defendant so move? Is the issue resolved completely by the Court's prior order in the related *Mandalay* action and barred by collateral estoppel? Is further discovery needed to determine whether Plaintiff's claims under § 17200 are inapplicable because Defendant no longer intends to release its film for theatrical production?

5. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: July 24, 2007

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE